**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE:

Debtor(s)  Laura Nunez                                         CASE NO.:  2:25-bk-00230-FMD

**AMENDED CHAPTER 13 PLAN**

**A.    NOTICES.**

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation that may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ Included | ■ Not included |
| Provisions for student loan(s), set out on Section E. | ☐ Included | ■ Not Included |
| Nonstandard provisions, set out in Section E. | ☐ Included | ■ Not included |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO CREDITOR/LESSOR [NAME OF THE SECURED CREDITOR/ LEESOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | ☐ Included | ■ Not included |

**NOTICE TO DEBTOR:  IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

**B.    MONTHLY PLAN PAYMENTS.**
**Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of 36 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors**

1.    $930.00                    from month        1        through        3        ;

1 All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.
Effective: December 4, 2023

2.      $250.00    from month    4    through    36    ;

## C.   PROPOSED DISTRIBUTIONS.

### 1.    ADMINISTRATIVE ATTORNEY'S FEES.

| | | | |
|---|---|---|---|
| Base Fee | $4,500.00 | Total Paid Prepetition | $1,687.00 | Balance Due | $2,813.00 |
| MMM Fee | $0.00 | Total Paid Prepetition | $0.00 | Balance Due | $0.00 |

Estimated Monitoring Fee at    $50.00    per Month.

Attorney's Fees Payable Through Plan at    $200.00    Monthly (subject to adjustment).

■ NONE    2.  DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).

☐ NONE    3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).

| Last 4 Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| NA | IRS | $3,920.00 |

4.    TRUSTEE FEES. From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

5.    SECURED CLAIMS. Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

| ■ NONE | **(a)    Claims Secured by Debtor`s Principal Residence that Debtor Intends to Retain— Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims. |
|---|---|
| | Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column. |
| ■ NONE | **(b)    Claims Secured by Other Real Property that Debtor Intends to Retain—Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims. |
| | Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column. |
| ■ NONE | **(c)    Claims Secured by Real Property—Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's Procedure Manual on the Court's website, www.flmb.uscourts.gov.** Pending the resolution of the MMM, the Plan Payments must include the following adequate protection payments to the Trustee:  (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments must be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims. |
| ■ NONE | **(d)    Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation Applies (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance. |

| ■ NONE | **(e)** **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion (i) under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, non-purchase money security interest because it impairs an exemption or (ii) under 11 U.S.C. § 506 to determine secured status and to strip a lien. |
|---|---|

| ■ NONE | **(f)** **Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below. |
|---|---|

| ■ NONE | **(g)** **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below. |
|---|---|

| ■ NONE | **(h)** **Claims Secured by Personal Property—Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1322(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims. |
|---|---|

| ☐ NONE | **(i)** **Secured Claims Paid Directly by Debtor.** The following secured claims are paid via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |
|---|---|

|  | Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|---|
| 1. | 0001 | Mr. Cooper | 1418 Gerald Ave, Lehigh Acers, FL 33⬛ |
| 2. |  |  |  |

| ☐ | NONE | **(j)** | **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan. |

|  | Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|---|
| 1. | 5761 | Ally Financial | 2020 Dodge Charger |
| 2. | 0001 | Ally Financial | 2022 Ford F 450 |
| 3. | 1538 | Lincoln Auto | 2021 Ford Expedition |
| 4. | 0908 | Sheffield Financial | 2022 Side by Side |

| ☑ | NONE | **(k)** | **Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |

**6.** **LEASES/EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

| ☑ | NONE | **(a)** | **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1322(b)(7).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims. |

☐ NONE **(b) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following leases/executory contracts that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

|  | Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|---|
| 1. |  |  |  |

☑ NONE **(c) Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $500.00

**D. GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not provided for under the Plan, shall retain the liens securing their collateral.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

☑ (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

☑ (b) shall vest in Debtor upon confirmation of the Plan.

4.    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.    Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.    Debtor must timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor must provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor must provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless consented to by the Trustee, or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor must not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

---

**E.    NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken.

---

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

**SIGNATURE(S):**

Debtor(s)

Date 6/10/2025

_____ Date _____

Attorney for Debtor(s)

_____ Date  6/1./25

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

IN RE:   **Laura Nunez**

CASE NO.   **2:25-bk-00230**

CHAPTER   **13**

### Certificate of Service

I, Charles R. Hayes, declare under penalty of perjury that I have served the foregoing on Jon M. Waage, Esq, Trustee and the Assistant United States Trustee and the entities listed below via first class mail or electronic delivery, and served the forgoing on the entities listed on the attached matrix via first class mail or electronic delivery on June 10th, 2025.

Date:   **6/10/2025**

_**/s/ Charles R. Hayes**_

**Charles R. Hayes**
Attorney for the Debtor(s)

Laura Nunez
1418 Gerald Ave
Lehigh Acres, FL 33972

Label Matrix for local noticing Case 2:25-bk-00230-FMD Doc 16 Filed 06/10/25 Page 10 of 12
113A-2
Case 2:25-bk-00230-FMD
Middle District of Florida
Ft. Myers
Tue Jun 10 14:59:49 EDT 2025

4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

United States Trustee - FTM7/13 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

A5 International Properties LLC
16275 Collins Ave
Suite 2501
Sunny Isles Beach, FL 33160-4333

ADT
452 Sable Blvd Unit G
Aurora, CO 80011-0813

ADT
725 Canton St
Norwood, MA 02062-2609

ANESTHESIA DYNAMICS C/O CBC, LLC
PO BOX 5067
KINGSPORT, TN 37663-0067

Alberto Cadenas
3014 5th St SW
Lehigh Acres, FL 33976

All Star Equipment Rentals and Sales
34 Seymour St.
Tonanwanda, NY 14150-2126

Alliance One
2043 Walton Rd
Suite 201
Plymouth Meeting, PA 19462-2389

Ally Financial, Inc
Attn: Bankruptcy
PO Box 380901
Bloomington, IL 55438-0901

Anesthesia Dynamics, LLC
PO Box 95000
Philadelphia, PA 19195-0001

Bank of America
Attn: Bankruptcy
2909 Savarese Circle
Tampa, FL 33634-2413

Bank of America
PO Box 655961
Dallas, TX 75265-5961

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Ceballos Investment Group LLC
4213 23rd St. SW
Lehigh Acres, FL 33976

Citi Card/Best Buy
Attn: Citicorp Cr Srvs Centralized Bankr
PO Box 790040
St Louis, MO 63179-0040

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
PO Box 790040
St Louis, MO 63179-0040

Coast Professional
PO Box 425
Geneseo, NY 14454-0425

Comcast
1100 Northpoint parkway
W Palm Beach, FL 33407-1905

(p)CONTINENTAL SERVICE GROUP  LLC   D B A  CO
PO BOX 7
FAIRPORT NY 14450-0007

Delux
PO Box 818095
Cleveland OH 44181-8095

Department of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

Ferrelgas
PO Box 1003
Liberty, MO 64069-1003

Frank and Shelly Corp
11750 Vista Ridge Dr.
Fort Myers, FL 33913-9608

Freidin and Inglis, PA
2245 McGregor Blvd
Fort Myers, FL 33901-3311

GM Financial
201 Cherry Street, Ste. 3600
Fort Worth, TX 76102-6855

Geico
PO Box 70776
Philadelphia, PA 19176-0776

Gladiolus Surgery Center
3033 Winkler Ave
Suite 100
Fort Myers, FL 33916-9523

Gulf Coast Collection
PO Box 987
Tallevast, FL 34270-0987

5214 S 30th St
Suite 3
Phoenix AZ 85040-3730

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

J & L Vision Homes, Inc.
Sprechman & Fisher PA
2775 Sunny Isles Blvd #100
Miami, FL 33160-4078

Joseph L. Whipple
Mark A Kirkorsky PC
PO Box 25287
Tempe, AZ 85285-5287

Kelly Tractor Co
8255 NW 58th Street
Miami, FL 33166-3493

Kenneth J. Valle
103 Teakwood Ct
Lehigh Acres, FL 33974-9448

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lee Health
PO Box 744837
Atlanta, GA 30374-4837

Lincoln Automotive Finance
Attn: Bankrutcy
PO Box 542000
Omaha, NE 68154-8000

Long Ragsdale & Waters, PC
1111 Northshore Dr
Suite S700
Knoxville, TN 37919-4097

Long, Ragsdale & Waters
1111 N. Northshore Dr
Suite S-700
Knoxville, TN 37919-4097

Meaningful Beauty
PO Box 2017
Harlan IA 51593-0232

Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

Mr. Yusniel Fernandez
C/O Patrick Neale & Associates
5470 Bryson Court
Suite 103
Naples, FL 34109-6000

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

New Old Street
6101 Westport Lane
Naples, FL 34116-5421

Newfound Rentals, LLC
PO Box 905
Houston, TX 77001-0905

Nivaldo Gonzaelz Polo
11750 Vista Ridge Dr.
Fort Myers, FL 33913-9608

(p) PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Pool Corp dba Horizon Distributors Inc
Brock & Scott PLLC
1919 Memorial Hwy
Suite 135
Tampa, FL 33634-7510

Portfolio Recovery Associates LLC
PO Box 4115
Concord CA 94524-4115

Qaulity Custom Window Tinting
12390 Metro Parkway
Fort Myers, FL 33966-1410

RTO National LLC
PO Box 9759
Greenville, SC 29604-9310

Royal Developer LLC
5781 Lee Blvd
Unit 208-220
Lehigh Acres, FL 33971-6337

Security National Ins Company
Estrella Insurance #407
1315 Homestead RD N
Suite C
Lehigh Acres, FL 33936-6034

Seward Builders, LLC
C/O Marquez Law
5900 Tavistock Lakes Blvd
Suite 400
Orlando, FL 32827-7593

Sheds and More LLC
21300 Palm Beach blvd
Alva, FL 33920-4054

Sheffield Financial
Attn: Bankruptcy
214 N Tryon St
Charlotte, NC 28202-1078

heffield Financial, a division of Truist   Stephen Porlento   Synchrony/Care Credit
O Box 1847                                  3041 Freedom Acres W          Attn: Bankruptcy
lilson, NC 27894-1847                       Cape Coral, FL 33993-8272     PO Box 965060
                                                                          Orlando, FL 32896-5060

yncb/Rooms To Go                            Truist Financial              Verizon
ttn: Bankruptcy                             Attn: Bankruptcy              PO Box 489
O Box 965060                                214 N Tryon St                Newark, NJ 07101-0489
rlando, FL 32896-5060                       Charlotte, VA 28202-0129

. Michael Baisley                           Westlake Portfolio Management, LLC   Zuckerman & Mata LLC
111 N. Northshore Drive                     Attn: Bankruptcy              500 E. Broward Bvld
uite S-700                                  PO Box 76809                  Suite 170
noxville, TN 37919-4097                     Los Angeles, CA 90076-0809    Fort Lauderdale, FL 33394-3005

harles R Hayes                              Jon Waage                     Laura Nunez
harles Hayes PA                             P O Box 25001                 1418 Gerald Ave
590 Northbrooke Plaza Dr.                    Bradenton, FL 34206-5001     Lehigh Acres, FL 33972-2322
uite 303
aples, FL 34119-8102


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


aine & Weiner                               Conserve                      Internal Revenue Service
ttn: Bankruptcy                             200 Crosskey Office Park      PO Box 21126
805 Sepulveda Blvd 4th Floor                Fairport, NY 14450            Philadelphia, PA 19114
herman Oaks, CA 91411


ORTFOLIO RECOVERY ASSOCIATES, LLC
OB 41067
orfolk, VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


d)Ford Motor Credit Company, LLC c/o AIS Por    End of Label Matrix
515 N. Santa Fe Ave. Dept. APS                  Mailable recipients    71
klahoma City, OK 73118-7901                     Bypassed recipients     1
                                                Total                  72